VERMONT SUPERIOR COURT
Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 24-CV-00989

| Tovey Services, Inc. d/b/a New England Call Center v. Vermont Department of Health |
|---|

## ENTRY REGARDING MOTION

Title:      Motion for a Temporary Restraining Order and Preliminary Injunction, Emergency
(Motion: 1)
Filer:      Andrew W. Macilwaine
Filed Date: March 14, 2024

The matter came before the court for hearing plaintiff Tovey Services, Inc. d/b/a New England Call Center's motion for injunctive relief.

Plaintiff was present through its president, John Zerbi, and represented by Attorney Andrew Macilwaine. Defendant Vermont Department of Health ("State") was represented by Attorney David Mclean.

Plaintiff has filed for injunctive relief seeking to enjoin the State from releasing information plaintiff provided to the State in connection with a bid for a contract and following the award of the contract to it. Plaintiff maintains that the information constitutes trade secrets the public disclosure of which would severely harm its business interests.

The State took no position on the exemption from disclsure issue.

Plaintiff has also moved to file documents under seal reflecting that information for possible in camera review.

The parties stipulated to the admissibility of plaintiff's pre-filed exhibits 1 through 4, and to their remaining under seal.

The submissions and arguments of the parties show that, in response to a request for bids by the State, plaintiff submitted certain materials. The State's bidding process asked proposed bidders to identify any information submitted that the bidder deemed confidential. Plaintiff complied. It identified the Price Schedule and portions of the

Technical response as confidential and submitted a version of its bid with that information redacted.

The State awarded the contract to plaintiff. The contract agreed to by the party contains Section 2.2, titled "Confidentiality of Contractor Information." That provision states:

> The Contractor acknowledges and agrees that this Contract and any and all Contractor information obtained by the State in connection with this Contract are subject to the [PRA]. The State will not disclose information for which a reasonable claim of exemption can be made pursuant to 1 V.S.A. § 317(c), including, but not limited to, trade secrets, proprietary information or financial information, including any formulae, plan, pattern, process, tool, mechanism, compound, procedure, production data, or compilation of information which is not patented, which is known only to the Contractor, and which gives the Contractor an opportunity to obtain business advantage over competitors who do not know it or use it.

> The State shall immediately notify Contractor of any request made under the [PRA] . . . . [and] Contractor may, in its discretion, seek an appropriate protective order, or otherwise defend any right it may have to maintain the confidentiality of such information under applicable State law within three business days of the State's receipt of any such request.

The State has received requests under the Public Records Act (PRA) for information regarding the bidding process that would include information plaintiff deems to be trade secrets. The State has indicated it will release the unredacted information unless plaintiff obtains a Court Order directing it not to do so.

Here, the Contract requires that the State not release records "for which a reasonable claim of exemption can be made pursuant to 1 V.S.A. § 317(c)." In other words, the Court need not resolve the PRA issue, it need only determine whether the claim of trade secrets is reasonable. If the Court makes that determination, the State would be directed to deny the request as to any unredacted responsive documents, which would place responsibility for determining whether the subject documents are exempt under the PRA to the Court reviewing the PRA determination.

A significant advantage to that approach is that plaintiff could intervene in that PRA action, and then, the parties having a real interest in the resolution of the exemption question would be before the Court. The public interest favors resolving PRA issues on their merits and after consideration of the competing viewpoints.

Given those considerations, the Court has considered the submissions, reviewed the subject documents, and considered the arguments and stipulations of counsel. Based on the above, the Court concludes that plaintiff has a reasonable claim that the documents are exempt from the PRA as trade secrets and that public disclosure of that information would be harmful to its business interests.

Accordingly, the request for injunctive relief is granted. Regarding PRA requests for information involving the subject information, the State shall produce only redacted documents and shall indicate that a reasonable claim of exemption is being made as to the redacted portions. The State shall also inform plaintiff of any PRA taken in response to that position, which will allow plaintiff an opportunity to intervene in that action.

The motion is GRANTED.

**Signed Electronically on April 5, 2024 pursuant to V.R.E.F. 9(d).**

_____
**David Barra**
**Superior Court Judge**